UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | Case No.: 1:26-cv-06995-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 2)<br><br>14-Day Objection Deadline<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Patrick A. Cannavan is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I. INTRODUCTION**

On September 1, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)

**II. THREE STRIKES PROVISION OF 28 U.S.C. § 1915**

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

## III. JUDICIAL NOTICE

The Court takes judicial notice[1] of five prior lawsuits filed by Plaintiff in this district[2]:

1. *Cannavan v. Newsom*, No. 1:26-cv-6034-KES-EPG (E.D. Cal.) (dismissed as duplicative on August 31, 2026)
2. *Cannavan v. Newsom*, No. 1:26-cv-6035-KES-FJS (E.D. Cal.) (dismissed as duplicative on August 31, 2026)
3. *Cannavan v. Newsom*, No. 1:26-cv-6046-KES-EPG (E.D. Cal.) (dismissed as duplicative on August 31, 2026)
4. *Cannavan v. Newsom*, No. 1:26-cv-6048-KES-FJS (E.D. Cal.) (dismissed as duplicative on August 31, 2026)
5. *Cannavan v. Newsom*, No. 1:26-cv-6051-KES-FJS (E.D. Cal.) (dismissed as duplicative on August 31, 2026)

A dismissal of a duplicative complaint is a strike for purposes of 28 U.S.C. § 1915(g). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint 'that merely repeats pending or previously litigated claims'"). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on September 1, 2026, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Further, the Court notes that on the same date Plaintiff filed the instant action or shortly thereafter, the following cases have also been dismissed: *Cannavan v. Newsom*, No. 1:26-cv-5903-JLT-SAB (E.D. Cal.) (dismissed as duplicative); *Cannavan v. Newsom*, No. 1:26-cv-6038-JLT-SAB (E.D. Cal.) (dismissed as duplicative); and *Cannavan v. Newsom*, No. 1:26-cv-6044-JLT-SAB (E.D. Cal.) (dismissed as duplicative).

this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

**IV. IMMINENT DANGER DISCUSSION**

***Plaintiff's Allegations***

The Court has conducted a review of Plaintiff's complaint. Plaintiff names Governor Gavin Newsom and "EOP Officer Navarro" at the California Substance Abuse Treatment Facility in Corcoran, California, as defendants in this action. (Doc. 1 at 1-2.) The complaint identifies the following "federal constitutional or statutory right(s)" Plaintiff claims are being violated by state officials:

> 1st, 4, 5, 6, 8, 9, 10, 14, ADA Title 2, 14th § 5, the Bill of Rights, Cal. Constitution, Bain, Monell, Baker/Tatum claim, Penal & Correctional Institutions § 20 – Prisons and Prisoners – Civil Rights – Access to Attorney by Telephone, "Group Class," "Protected Class," 28 USC 12022, 12133, 12134, Hate crimes PEN. 422.87, 422.55, 422.56, 422.88, 422.91, 422.92, 13023, 13519.6, C-Post 13600, R.A. 1973, 2024 Armstrong court order, Rights to access the courts.

(Doc. 1 at 3.) Plaintiff states that on the morning of July 16, 2026, Navarro was "cruel and unusual punishment by staff not exercising judgment to the issue as presented before them, failing to protect a 'Protected Class' & 'Group Class' member by Wanton indifference to Law, Code, policy, court orders, and the need of an ADA/ARP/AARP Elderly I/M." (*Id*. at 5.) He alleges Navarro "taunted and mocked" him when he sought protection from other correctional officers. (*Id*.) Plaintiff asserts Navarro "actively colluded when violating policy and then punished [him] for exercising a protected conduct, acts that are the proximate cause to [his] protected conduct to be safe within the rehabilitative environment …." (*Id*.) He maintains that Navarro and unidentified other staff failed to protect him from "Adverse Actions of other Staff members." (*Id*.) Plaintiff then alleges: "Plaintiff's ability to & Denying a Protected Conduct by Adverse Action and criminal conduct as to the 8th amendment and court orders." (*Id*.) He further alleges Navarro denied him "access to a public entities programs and services, namely policies meant to 'ensure' [he] was safe and able to participate in all offered services." (*Id*.) Asked to describe his injuries, Plaintiff states:

> TBI/GBI, MENTAL, PHYSICAL, EMOTIONAL MONITARY, PUNITIVE, Fraud on the Court, violates of the Free Exercise Clause of the First Amendment to report staff abuse, a deficient policy that violates the Free Exercise Clause of the First Amendment OF CANNAVAN. A claim to; Under Color Law, deprived [him] of the rights secured by the Constitution or federal law. Bill of Rights. A "PROTECTED CONDUCT" was the motivating factor of the defendants adverse actions, and BUT-FOR Adverse Actions [he] was injured.

(*Id*. at 5.)

***Analysis***

Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Here, the Court is unable to identify any genuine emergency involving a real or proximate threat where time is pressing. *Lewis*, 279 F.3d at 531. Plaintiff does not allege any specific allegation of "ongoing serious physical injury," nor any pattern of misconduct likely to result in "imminent serious physical injury." *Martin*, 319 F.3d at 1050. Other than vague references to "TBI/GBI, MENTAL, PHYSICAL, EMOTIONAL" injuries, Plaintiff fails to allege any are ongoing or imminent and the undersigned finds no reasonable inference therefrom. *White*, 157 F.3d at 1231-32; *see also, e.g.*, *Thomas v. Doe*, No. 3:19-cv-00729-AJB-BGS, 2019 WL 13500212, at *2 (S.D. Cal. June 5, 2019) ("Plaintiff does allege he is in pain; but he does not plausibly claim any Defendant's actions currently place him in imminent danger of physical injury. Instead, he admits he is receiving medical care based on his ailments—he just does not believe the treatment being provided is adequate or sufficient to meet his needs"). And taunting or

mocking are insufficient to demonstrate an imminent danger of serious physical injury. *See, e.g.*, *Hammler v. Dignity Health*, No. 1:20-cv-1778-NONE-HBK, 2021 WL 5630620, at *4 (E.D. Cal. Dec. 1, 2021) ("Plaintiff claims Cervantes verbally taunts him, but allegations that are '[o]verly speculative and fanciful ... do not plausibly show imminent danger'"); *Young v. Luna*, No. 1:13-cv-02014-LJO-GSA-PC, 2013 WL 6576038, at *3 (E.D. Cal. Dec. 13, 2013) ("The danger that one of the correctional officers or medical staff will harass [plaintiff] and then carry out a verbal threat by injuring him is speculative, rather than a particular, present threat of injury"). Further, Plaintiff's allegations regarding the denial of ADA programs or services do not present an imminent danger of serious physical injury. *See, e.g.*, *Rodriguez v. Gore*, No. 3:22-cv-00025-GPC-MDD, 2022 WL 848318, at *2 (S.D. Cal. Mar. 22, 2022) (a failure "to ensure [plaintiff] is offered the same disability accommodations as he was previously provided while in CDCR custody, do not meet § 1915(g)'s imminent danger exception"); *Norfleet v. IDOC*, No. 20-cv-00515-SPM, 2021 WL 3930699, at *6 (S.D. Ill. Sept. 2, 2021) (finding no imminent danger of serious physical injury regarding denial of ADA shower access).

Next, Plaintiff fails to explain how any claim asserted presents an imminent danger of serious physical injury. *Blackman*, 2016 WL 5815905, at *1; *Martin*, 319 F.3d at 1050; *see also, e.g., Maldonado-Ramirez v. Francisco*, No. 1:23-cv-00162-HBK (PC), 2023 WL 2327471, at *7 (E.D. Cal. Mar. 2, 2023) (finding that due process allegations fail to demonstrate imminent danger warranting an exception to the PLRA three-strikes rule), adopted, 2023 WL 2918622 (E.D. Cal. Apr. 11, 2023); *Taylor v. Carter*, No. 1:13-cv-1155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (holding plaintiff's allegations of "excessive force, retaliation, and due process allegations arising from his placement and retention in administrative segregation" failed to show plaintiff was in imminent danger at the time the complaint was filed); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (holding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury").

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the

'imminent danger' exception of § 1915(g)." *Stine v. Fed. Bureau of Prisons*, No. 1:13-cv-1883 AWI MJS, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting *Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009)). In deciding whether such a nexus exists, courts consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury. The three-strikes litigant must meet both requirements in order to proceed [in forma pauperis]." *Id*. Here, Plaintiff's assertions offer nothing revealing a nexus between any imminent danger and the claims asserted. *Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (the alleged danger must "stem[] from the violations of law alleged in [the] complaint ... [and] fairly traceable to unlawful conduct alleged in [the] complaint"); *Stine*, 2015 WL 5255377, at *3.

In sum, Plaintiff fails to allege that he was in any imminent danger of serious physical injury at the time the complaint in this action was filed. Therefore, Plaintiff should be precluded from proceeding IFP in this case and must pay the $405.00 filing fee to litigate this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

## V. ORDER AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to assign a district judge to this action.

Further, based on the foregoing, the Court **HEREBY RECOMMENDS** that:

1. Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and
2. Plaintiff be ordered to pay the $405.00 filing fee for this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be**

**considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 4, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE